UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **WAYNE DAVID ROUSE and** | ) | Case No. 07-81834 |
| **GRACE ANN ROUSE,** | ) | |
| | ) | |
| **Debtors.** | ) | |
| | ) | |

## ORDER AND OPINION

THIS MATTER came on before the Court on June 5, 2008, after due and proper notice, upon the Objection by Debtors to Claim Number 0002 of the Estate of Clarence Cameron. A. B. Harrington, III appeared on behalf of Wayne David Rouse and Grace Ann Rouse (the "Debtors), Edgar Bain appeared on behalf of the Estate of Clarence Cameron, and Benjamin E. Lovell appeared on behalf of the Chapter 13 Trustee. After considering the evidence on record, the testimony, and the arguments of counsel, this Court makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy:

## FINDING OF FACTS

The Debtors filed a voluntary Chapter 13 petition on December 20, 2007 (the "Petition"). This Court confirmed the Debtors' Chapter 13 Plan (the "Plan") on March 20, 2008. The Plan requires the Debtors to make payments of $2,365.00 per month for sixty months to the Chapter 13 Trustee. This includes the Debtors' requirement to pay $17,401.80 toward general unsecured claims due to their disposable income.

The Debtors listed real property located at 9102 Old US 421, Broadway, North Carolina (the "Real Property") on Schedule A with a value of $55,940.00. The Estate of Clarence Cameron was listed on Schedule D as the secured creditor for the Real Property. The Debtors

executed a promissory note (the "Note") on January 7, 1983 for $25,200.00.  The Note requires the Debtors to pay Clarence P. Cameron, three hundred payments of $300.00 at fourteen percent interest (14%) beginning on March 1, 1983.  The Note is secured by a Deed of Trust on the Real Property.  Clarence P. Cameron died on or about January 27, 2002.  During the life of the Note, the Debtors have made payments to Clarence P. Cameron or to individuals collecting payments on behalf of Clarence P. Cameron (collectively referred to as the "Estate").  Pursuant to the Plan and in accordance with the Note, the Debtors are required to pay the Estate $300.00 per month.

On January 22, 2008, the Estate submitted a proof of claim showing a $26,736.72 balance remaining on the Note.  The Estate attached an amortization schedule, designed according to the following criteria, to the proof of claim: (a) principal balance of $25,200.00, (b) interest rate of fourteen percent, (c) twenty-five year payment term, and (d) payments of $303.41 necessary to complete the Note.  Relevant to the issue at hand, the Estate's amortization schedule showed: (1) the Debtors' payment history from June 1983 through December 2007, (2) 157 monthly payments of $303.36 by the Debtors and (3) that the Debtors missed a total of nineteen payments.  The Debtors filed an objection to Claim Number 0002 of the Estate (the "Objection").  In the Petition and in the Objection, the Debtors asserted that they continuously have paid $300.00 per month to the Estate and have never missed any payments.

At the hearing, the Court heard testimony from: (i) Wayne Rouse, the male Debtor, (ii) Ronald Cameron, the son of Clarence P. Cameron and sole administrator of the Estate, (iii) Kay Cameron Angel, the daughter of Clarence P. Cameron, and (iv) Shelton Holly, the certified public accountant for Clarence P. Cameron and the Estate.  Based on the testimony and evidence presented and after weighing the credibility of the witnesses and the records, the Court has come to the following conclusions:

(1) The Debtors have made consecutive monthly payments of $300.00 to the Estate for the purchase of the Real Property up until the filing of the Petition.

(2) The Debtors made monthly payments on the Note to Clarence P. Cameron by cash, money orders, and checks.

(3) Clarence P. Cameron collected the money due on the Note, usually by stopping by the Debtors' Real Property or while riding by the Real Property on his tractor.

(4) The records given to Shelton Holly by Clarence P. Cameron were not records that were prepared contemporaneously with the collection of the money.  The records were prepared several years later.

(5) The records provided to Shelton Holly by Clarence P. Cameron did not match the tax returns filed either by Clarence P. Cameron or on his behalf.

(6) After Clarence P. Cameron stopped collecting the money from the Debtors, his wife accepted payments.  Those records are not available.

(7) Kay Cameron Angel was appointed guardian of Clarence P. Cameron's estate on October 24, 1999.

(8) While Kay Cameron Angel served as guardian of Clarence P. Cameron's estate, Clarence P. Cameron never mentioned to Kay Cameron Angel that the Debtors had any delinquencies on the Note.

(9) Ronald Cameron, the sole administrator of the Estate, has no personal knowledge about the records and has never contacted the Debtors about any delinquencies on the Note payments.

(10) Kay Cameron Angel became responsible for receiving the Debtors' payments on or about November 1, 1999.

(11) From November 1999 until the filing of the Petition, approximately eight years, both parties agree that the Debtors never missed a payment and those payments were in the amount of $300.00.

(12) While Kay Cameron Angel has been responsible for receiving the Debtors' payments, she has not always provided receipts and has misplaced at least one check from the Debtors, which resulted in the Debtors re-issuing that payment.

(13) The amortization schedule attached to the proof of claim is inaccurate.  The Debtors never paid monthly payments of $303.36 to the Estate.

(14) To date, the Debtors have made two hundred and ninety-five (295) payments and paid approximately $88,500.00 on the Note.

## ANALYSIS

All parties agree that there is a valid Note and Deed of Trust secured by the Real Property.  The parties only dispute the amount owed on the Note as submitted in the proof of claim.  Pursuant to the Federal Rules of Bankruptcy Procedure, Rule 3001(f) states that "a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f).  *See* 11 U.S.C. § 502(a) (stating that "a claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor ... objects.").  The parties do not dispute that the proof of claim was properly filed.  After the claimant files the proof of claim, a party may object to the claim by introducing evidence to rebut the claim's presumptive validity.  *In re Harford Sands Inc.*, 372 F.3d 637, 640 (4th Cir. 2004).  Then the burden of proof shifts to the claimant to produce evidence establishing the amount and validity of the claim by a preponderance of the evidence.  *Id.*

The Court finds that the Debtors' presented testimony and evidence were sufficient to overcome the presumption of validity imposed by 11 U.S.C. § 502(a) and Rule 3001(f).  The male Debtor presented credible testimony to dispute the amount submitted on the proof of claim.  However, the Estate was not able to present evidence or testimony to establish the amount of the claim.  The Estate provided an inaccurate amortization and payment schedule and the testimonies on behalf of the Estate showed that there was no reliable record keeping policy in place.  The Court finds the male Debtor's testimony more credible than the evidence and testimonies presented by the Estate.  Therefore, the Estate did not carry its burden of persuasion.

Contract language that is plain and unambiguous on its face can be interpreted as a matter of law.  *Majestic Cinema Holdings, LLC v. High Point Cinema*, __ S.E.2d __, 2008 WL 2414981 (N.C. Ct. App. 2008).  So "if the plain language of a contract is clear, the intention of the parties is inferred from the words of the contract."  *Walton v. City of Raleigh*, 467 S.E.2d 410, 411 (1996).  Price, identification of the parties, and the property to be sold are essential elements of a contract.  *Connor v. Harless*, 626 S.E.2d 755, 757 (N.C. Ct. App. 2006).  Mutual asset of both parties is essential to the formation of any contract, and there needs to be a meeting of the minds regarding essential elements of the contract.  *Id*.  If there is ambiguity present in the contract, the court is to construe the ambiguity strictly against the drafting party.  *Washburn v. Yadkin Valley Bank and Trust Co.*, 660 S.E. 2d 577, 583 (N.C. Ct. App. 2008)(stating that "to the extent the language of a written instrument is ambiguous, its provisions are to be construed against the drafting party"); *Reichhold Chemicals, Inc. v. Goel*, 555 S.E.2d 281 (N.C. Ct. App. 2001).

The Court finds that the Note is ambiguous on its face.  The Note states that the Debtors are to pay $25,200.00 by making three hundred monthly payments of $300.00 with an interest rate of fourteen percent (14%).  The Estate implicitly takes the position that the Note requires

payments of three hundred and three dollars and thirty-six cents ($303.36) despite the plain language of the Note that indicates payments of three hundred dollars ($300.00). However, at fourteen percent (14%) interest, the Debtors would have to pay three hundred and thirty-seven (337) monthly payments to fulfill the obligations under the Note. Therefore, the Note as written is mathematically impossible. As such, the Court hereby finds ambiguity in the Note and will construe the Note strictly against the Estate. Construing the Note against the Estate and adhering to what the parties agreed to, as evidenced by the fact that the Debtors consistently paid, and the Estate consistently accepted payments in the amount of $300.00, the Court finds that the Debtors are required to pay three hundred monthly payments of $300.00 to fulfill the obligations under the Note, and that the interest rate was stated incorrectly on the Note.

## **CONCLUSION**

Based upon the foregoing, the Court SUSTAINS the Debtors' Objection. The Debtors will pay the Estate $1500.00 to satisfy the amount remaining on the Note at a rate of $300.00 per month through the Plan.

IT IS SO ORDERED.

# SERVICE LIST

Wayne David Rouse
Grace Ann Rouse
Debtors

A. B. Harrington, III
Attorney for Debtor

Edgar R. Bain
65 Bain Street
Lillington, NC 27546
Attorney for Claimant

Estate of Clarence Cameron
c/o Kay Cameron
6200 Bent Fork Circle
Raleigh, NC 27606

Richard M. Hutson, II
Trustee